UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYRUS N. PLUSH,<br>Petitioner,<br>v.<br>REETV,<br>Respondent. | CASE NO. 3:26-cv-05813-RSL-GJL<br><br>ORDER DECLINING TO DIRECT RESPONSE AND GRANTING LEAVE TO FILE AMENDED PETITION |

Petitioner Cyrus N. Plush, proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 7. Having reviewed the Petition, the Court **DECLINES** to order Respondent to file an answer, as the Petition does not comply with the Rules Governing Section 2254 Cases. The Court, however, **GRANTS** Petitioner leave to file an amended petition by **October 13, 2026**, to cure the deficiencies identified herein.

## I. DISCUSSION

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a

habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody." Further, the Petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

Here, Petitioner names Reetv as Respondent. Dkt. 7. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to the docket, Petitioner is currently confined at Airway Heights Corrections Center ("AHCC") in Airway Heights, Washington. *See* Dkt. 5. The Superintendent of AHCC is Frank Rivera, and therefore, Mr. Rivera is the only appropriate Respondent.

In addition, Petitioner has filed a habeas Petition on the Court's § 2254 habeas form. *See* Dkt. 7. On the form habeas Petition, Petitioner lists his relevant criminal case number and dates of conviction and sentence as "unknown." *Id*. at 1. He sets forth one ground for relief, "FTR (Failure to Register) is unconstitutional by Federal Constitution," but the supporting facts are difficult to decipher. *Id*. at 5. Further, Petitioner's request for relief asks the Court to "declare FTR of WA State unconstitutional." *Id*. at 15. Without clearly stating grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States, the

Court cannot consider Petitioner's request for relief. Notably, to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Further, the Court is unable to determine whether Petitioner properly exhausted the remedies available to him in the Washington state courts. Petitioner is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

Moreover, the Court cannot determine whether the Petition has been timely filed in this Court. 28 U.S.C. § 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

For these reasons, the Court finds the Petition is defective and will not direct Respondent to answer.

## II. CONCLUSION

Accordingly, the Court **DECLINES** to direct Respondent to respond to the Petition. Instead, if Petitioner intends to pursue this habeas action, he must **FILE** an amended petition

complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Petition by reference. The amended petition will act as a complete substitute for the original Petition, and not as a supplement. The amended petition must also include all claims for relief arising from the underlying state conviction and sentence.

If Petitioner fails to adequately address the issues raised herein and file an amended petition on or before **October 13, 2026**, the undersigned **will recommend DISMISSAL of this action**.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide copies of this Order to Petitioner.

Dated this 10th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge